## Ex parte GARLAND TAYLOR.

No. A-11070.   Oct. 13, 1948.

(198 P. 2d 750.)

Garland Taylor, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.  This action in habeas corpus was instituted by the petitioner, Garland Taylor, to secure his release from confinement in the State Penitentiary.

The evidence in support of the petition showed that the petitioner was committed to the State Penitentiary on December 2, 1940, upon two sentences that had been pronounced against him, one from the district court of Oklahoma county, dated November 25, 1940, and one from the district court of Bryan county, dated December 2, 1940.

At the time of his reception in the State Penitentiary, the petitioner was given Number 42,321 and was listed on the record as serving the Bryan county sentence for robbery with firearms.  Subsequent thereto, and on April 5, 1944, the petitioner, in an action in mandamus brought in the district court of Pittsburgh county, secured a writ of mandamus wherein the court directed the warden to correct the records of the penitentiary to show that the time served by the petitioner since December 2, 1940, should be credited to the sentence from the district court of Oklahoma county, which was the sentence first pronounced and that upon his discharge from his Oklahoma county sentence, he should begin the serving of the Bryan county sentence.  Pursuant to the writ of

mandamus issued by the district court of Pittsburgh county, the record clerk of the penitentiary showed that the Oklahoma county sentence was completed on August 22, 1943, and the petitioner was accordingly re-filed in the institution as inmate Number 45,775, to commence the serving of the Bryan county sentence, the date of the beginning of said sentence being made retroactive to August 22, 1943.

It is the contention of the petitioner that he having once been listed in the penitentiary as Number 42,-321, to commence the serving of the sentence from Bryan county on December 2, 1940, with the necessary allowances for good time, he is now entitled to discharge from said institution, and that he is being illegally detained in said institution.

Obviously, the contention of the petitioner is without merit. The change in his designation by number was caused by the action in mandamus which he instituted in the county court of Pittsburgh county. He has not served enough time in the institution to complete each of the two terms for which he was committed by the district courts of Oklahoma and Bryan counties. The fact that he now has a different number was caused by a matter which he himself initiated. He may not go into court and seek relief and then subsequently claim that the court erred in granting him the relief which he sought. Even if we should hold with petitioner that he has been serving on his Bryan county sentence all of the time since December 2, 1940, he still would not be entitled to his release on habeas corpus as he would still have the Oklahoma county sentence to serve. Under the evidence before us, the petitioner has completed the service of the Oklahoma county sentence and is now serving the Bryan county sentence. Based on the minimum time

with allowances for good conduct and work credits, he will be discharged on November 26, 1950.

The purpose of the writ of habeas corpus is to inquire into the legality of the restraint with which the petitioner is suffering. Since the facts herein show that the petitioner is being legally restrained in the State Penitentiary, it is ordered that the writ of habeas corpus be denied.

BAREFOOT, P. J., and BRETT, J., concur.